Aphrodite Thanos v. Commissioner.
Thanos v. Commissioner
Docket No. 4376-69 SC.
United States Tax Court
T.C. Memo 1970-193; 1970 Tax Ct. Memo LEXIS 167; 29 T.C.M. (CCH) 873; T.C.M. (RIA) 70193; July 8, 1970, Filed Aphrodite *168 Thanos, pro se, 4626 N. 52nd St., Milwaukee, Wis. Gerald P. Moran, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner determined a deficiency of $342.73 in petitioner's income tax for the taxable year 1967. The issues for decision are: (1) whether the expenditures for travel incurred in 1967 by petitioner are deductible under section 162(a), I.R.C. 1954, as ordinary and necessary business expenses, and (2) if so, whether petitioner has satisfied the substantiation requirements of section 274(d), I.R.C. 1954, with respect to the expenditures. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner Aphrodite Thanos resided at Milwaukee, Wis., at the time she filed her petition in this proceeding. She filed an individual Federal income tax return for the year 1967 with the district director of internal revenue at Milwaukee, Wis. Petitioner received a master's degree in library science in 1954 from the University of Wisconsin. She is a certified librarian and certified teacher in physical education and history, pursuant to the requirements imposed under applicable Wisconsin statutes. *169 Aphrodite was employed as a librarian by the Goodrich Senior High School in Fond du Lac, Wis., during the school term of 1954-1955 and by the Mary D. Bradford Senior High School in Kenosha, Wis., during the period 1955-1964. Beginning in 1964 and continuing to the time she filed her petition herein, petitioner has been employed as a librarian at the Homestead High School in Mequon, Wis. Her primary duties as librarian of Homestead High School are to supervise the library, select and evaluate materials for use in the library, provide assistance to students in the use of the library, including teaching a 6-hour library skills course as part of freshman English, and cataloging and filing materials used in the library. Petitioner also occasionally addresses selected study classes which are studying topics related to experience and materials gained by petitioner during her foreign travel. 874 In 1956, petitioner traveled to Europe with her mother, touring the principal cities of Athens, Rome, and Paris. This primary purpose of this trip was to accompany her mother who was returning to Greece to visit relatives. Petitioner and her mother did some sight-seeing during this trip and *170 petitioner took some slide pictures, three of which petitioner has in her library collection and which she has used in addressing selected study classes. In 1963, petitioner and a friend, Leslie MacIntyre (Leslie), who also teaches at Homestead High School, and another teacher, also a friend of petitioner, took a European tour which included England, Northern France, Germany, Italy, Holland, and Belgium. In October 1958, the Homestead School Board adopted a salary schedule which required each teacher to attend summer school at least once during every 5 years of employment with the school. Extension courses could be substituted for the summer school requirement, subject to the approval of the administrator. Failure to comply with this requirement would prohibit the teacher from advancing on the salary schedule. Failure to comply within the next succeeding year would result in the withholding of the teacher's employment contract. Aphrodite and her friend Leslie decided to request permission to substitute a summer trip to Europe in 1967 in lieu of the summer school requirement. The Homestead High School board meeting granted the request in December 1966. Petitioner's niece joined *171 petitioner and Leslie on the tour which lasted approximately 8 weeks and included the countries of Italy, Greece, Yugoslavia, Austria, Germany, Switzerland, Spain, France, and Portugal. Petitioner and Leslie planned their itinerary without supervision from the school board and their trip was not part of an organized tour. Petitioner preferred not to travel with an organized tour group in order to avoid concentrating on "tourist traps" and a strict schedule of tours and to permit her to have more personal contact with the people of the countries visited. She and her two companions concentrated their efforts on visiting sight-seeing places, particularly museums and other historical sites. A few of these places had been previously visited by petitioner on her prior trips to Europe. During the tour, Aphrodite took slide pictures and collected various books and pamphlets which she intended to include and some of which she subsequently did include in the library collection. She has used some of these materials when addressing study classes and has suggested the use of these materials to students researching topics related to the materials. Petitioner maintained a diary listing the places *172 visited during the tour. Petitioner was not expressly required by her employer to take the trip to Europe in 1967 and she received no academic credit for the trip. Upon returning, petitioner and Leslie reported to the school board and faculty on their travel. Petitioner reported the following as deductible expenditures for the trip to Europe in 1967: $ 907.50
Transportation
19.01
Entrance fees to museums, libraries, historical sites, etc.
600.00
Food and lodgings at $10 per day
$1,526.51 Petitioner's food and lodging expenses were estimated at $10 per day. She did not maintain records or receipts of the cost of food and lodgings or of the entrance fees to museums, libraries, historical sites, etc. Petitioner substantiated her transportation expenses of $907.50 through receipts and/or checks. Petitioner claimed the above expenditures as an educational travel expense deduction of $1,526.51 in her 1967 income tax return. Respondent disallowed the deduction with the explanation that "it has not been established that it is deductible under Sections 162 and 274 * * * and * * * it is a nondeductible personal expense under Section 262 of the Code." Ultimate *173 Finding of Fact The major portion of petitioner's activities during the 1967 European tour did not directly maintain or improve skills required by her in her employment as a librarian. Opinion The issues for decision are: e81) whether the expenditures for travel incurred in 1967 by petitioner are deductible under section 162(a), I.R.C. 1954, as ordinary and necessary business expenses, and (2) if so, whether petitioner has satisfied the substantiation requirements of section 274(d) of the 1954 Code with respect to the expenditures. 875 Petitioner seeks to deduct as educational expenses some of the expenses she incurred on the trip to Europe during the summer of 1967. She elects to rely upon section 1.162-5, Income Tax Regs. as amended by T.D. 6918, 1967-1 C.B. 36, [1] which provides in pertinent part: *174 (d) Travel as a form of education. Subject to the provisions of paragraph (b) and (e) of this section, expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment, is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. (e) Travel away from home. (1) * * * The rules set forth in this paragraph are subject to the provisions of section *175 162 (a)(2), relating to deductibility of certain traveling expenses, and section 274(c) and (d), relating to allocation of certain foreign travel expenses and substantiation required, respectively, and the regulations thereunder. The regulations preclude the school board's approval of the trip to Europe in lieu of the summer school requirements from being determinative that Aphrodite's trip was directly related to her duties as a librarian. Therefore, the deductibility of petitioner's travel expenses turns on the factual question of whether or not the major portion of the activities which she engaged in during the trip was of such a nature as to directly maintain or improve skills required in her employment. Petitioner's primary duties as librarian at Homestead High School are to supervise the library, select and evaluate materials for use therein, provide assistance to students on the use of the library, including teaching a 6-hour library skills course as part of freshman English, and cataloging and filing library materials. We agree with petitioner's contention that her travels have enhanced her capabilities as a librarian to some extent, but we hold on the basis of the record *176 before us that the major portion of the activities engaged in by petitioner during her trip to Europe in the summer of 1967 was not of such a nature as to directly maintain or improve the skills required in her employment. We are cognizant that petitioner was sometimes able to draw from her travel experience to suggest research topics and/or materials to the students and that she has related some of those experiences in addressing selected study classes. However, we find such capabilities merely incidentally related to her primary duties as librarian and we have previously held such a relation insufficient to satisfy the requirements imposed by the regulations. Stanley Marlin, 54 T.C. 560 (1970). It follows, therefore, that the expenditures are not deductible as ordinary and necessary business expenses. Since we hold against petitioner on the first issue, we do not reach the issue of whether she has satisfied the substantiation requirements of section 274(d). Decision will be entered for the respondent. Footnotes
1. Section 1.162-5, Income Tax Regs., which governed the deductibility of educational expenditures and which were in force during 1967 were promulgated by T.D. 6291, filed April 3, 1958. These regulations were revised by T.D. 6918, filed May 1, 1967. The new regulations are effective for taxable years beginning on or after January 1, 1968, but for prior years, taxpayers may rely on either the 1958 or the 1967 regulations. Rev. Rul. 68-191, 1968-1 C.B. 67↩.