JOSEPH C. IPPOLITO AND BARBARA P. IPPOLITO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ippolito v. Commissioner
Docket No. 4884-76.
United States Tax Court
T.C. Memo 1978-56; 1978 Tax Ct. Memo LEXIS 456; 37 T.C.M. (CCH) 295; T.C.M. (RIA) 780056; February 14, 1978, Filed Vincent L. Alsfeld, for the petitioners. Daniel P. Ehrenreich, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' joint Federal income tax for 1973 and 1974 in the amounts of $1,641.04 and $2,133.36, respectively. Other issues having been conceded by both parties, the issues remaining for decision are as follows: 1. To what extent are petitioners entitled to deduct under section 162 [1]/ certain employee *457 business expenses incurred by petitioner Joseph C. Ippolito during the years 1973 and 1974. 2. Whether petitioners are entitled to deduct as an employee business expense under section 162 the cost of petitioner Barbara P. Ippolito's travel, meals, lodging, and miscellaneous expenses incurred on a 16-day trip to Hawaii during 1974. FINDINGS OF FACT At the time the petition was filed in the instant case, petitioners were legal residents of Lawrence, Massachusetts. Petitioners filed their joint Federal income tax returns for 1973 and 1974 with the Director, Internal Revenue Service Center, Andover, Massachusetts. During the years 1973 and 1974, petitioner Joseph C. Ippolito (hereinafter Mr. Ippolito) was employed as a salesman by Whitney Brothers, Inc. of Boston, Massachusetts (hereinafter Whitney). During the same period, petitioner Barbara P. Ippolito (hereinafter Mrs. Ippolito) was a third grade schoolteacher in Haverhill, Massachusetts. While employed at Whitney, Mr. Ippolito was reimbursed for business expenses on the *458 basis of weekly expense booklets (containing daily entries) that he was required to maintain and submit to his employer. Whitney allowed Mr. Ippolito $100 per month, plus mileage at the rate of $.04 per mile. Mr. Ippolito was also reimbursed for tolls, parking, and telephone expense claimed by him in his weekly expense statements to Whitney. The expense records that Mr. Ippolito submitted to Whitney for September and December of 1973 reflect that in those months he traveled 2,360 miles and 2,315.1 miles, respectively. The expense records for certain months in 1974 reflect the following business mileage: Month
Mileage
January
2,927.2
February
2,723.3
March
2,491.5
April
3,066.0
May
3,257.6
June
2,213.0
October
2,578.3
November
2,241.4
December
2,743.2
The expense records that Mr. Ippolito submitted to Whitney for September and December of 1973 indicate that he incurred expenses for business telephone, parking, and tolls as follows: Month
Telephone
Tolls
Parking
September
$26.80
0
$6.10
December
26.35
$2.50
$3.60 The expense records submitted for certain months in 1974 indicate the following expenses for business *459 telephone, parking, and tolls: Month
Telephone
Tolls
Parking
January
$28.35
0
$ 7.40
February
30.35
$ .50
9.15
March
26.65
0
17.15
April
38.60
2.85
10.15
May
30.30
4.90
4.90
June
24.00
0
7.35
October
22.75
1.00
11.25
November
39.80
.25
10.50
December
23.40
.25
4.70
In 1973 and 1974 Mr. Ippolito received reimbursement from Whitney in the amounts of $2,643.54 and $2,702.95, respectively. Whitney did not have adequate room to accommodate all of its salesmen and, as a result, they had to provide their own space and facilities for the performance of some of their duties. Mr. Ippolito used a portion of his home from time to time to perform some duties relating to his employment. Sometime during 1973 Mr. Ippolito was in an accident in which his automobile was damaged to the extent of approximately $80. The damages were subsequently repaired. In July of 1974 petitioners, their two children, and another couple took a 16-day trip to Hawaii. The trip took place during Mr. Ippolito's vacation period from his occupation as a salesman. Petitioners, their children, and the other couple visited various attractions in Hawaii *460 as a group. Although most of petitioners' activities were similar to those of the typical tourist, Mrs. Ippolito took notes and slides and compiled data and exhibits from her tour of Hawaii which she subsequently used in her capacity as a schoolteacher in Haverhill, Massachusetts. On their joint Federal income tax return for 1973, petitioners claimed, among other deductions, employee business expenses totaling $7,734 (before a reduction for reimbursements) in the following categories: mileage, parking, tolls, home office, license and registration, entertainment, accident, dues, and towing. On their joint Federal income tax return for 1974 petitioners claimed, among other deductions, employee business expenses totaling $8,634 (before a reduction for reimbursements) for the same above-mentioned categories except for that of the accident expense. With respect to the deduction for Mr. Ippolito's business mileage for both years at issue, petitioners computed such deduction based on the alleged amount of 65,000 business miles traveled by Mr. Ippolito each year. On petitioners' joint returns for 1973 and 1974, they claimed an office in the home expense for both years in the amount *461 of $215. Also, on their 1974 return petitioners claimed an employee business expense in the amount of $1,323 for Mrs. Ippolito's cost of travel, meals, lodging, and miscellaneous expenses incurred in connection with the Ippolito family's trip to Hawaii during that year. In his statutory notice of deficiency, respondent disallowed, among other items, employee business expenses in the amounts of $5,570 and $7,601 for 1973 and 1974, respectively. After numerous concessions by both parties to this dispute, the following issues remained for trial: (1) the amount, if any, of Mr. Ippolito's expenses for mileage, parking, tolls, and telephone incurred during 1973 and 1974; (2) the amount, if any, of Mr. Ippolito's towing expense incurred during 1974 [2]/ and his dues expense incurred during 1973 and 1974; (3) the allowability of an accident expense deduction of $80 incurred in 1973 and an office in the home deduction of $215 for 1973 and 1974; and (4) whether Mrs. Ippolito is entitled to deduct the alleged cost of her trip to Hawaii during 1974. *462 OPINION 1. Mr. Ippolito's Claimed Employee Business Expenses. As a requirement of his employment Mr. Ippolito had to submit weekly expense booklets to Whitney in order to receive reimbursement for expenses incurred in his capacity as a salesman. These booklets contained daily entries for miles driven, as well as telephone, toll, and parking expenses. The actual booklets covering 11 of the 24 months at issue herein were made a part of the record in the instant case. Relying on these records, respondent contends that Mr. Ippolito is entitled to a net deduction, after taking into account reimbursements by Whitney in the amounts of $2,643.54 and $2,702.95 for 1973 and 1974 respectively, of $923.54 for mileage, telephone, parking, toll, and towing expenses in 1973 and $1,579.10 for mileage, telephone, parking, and toll expenses in 1974. [3]/ We agree. *463 The trial record is clear that petitioners greatly exaggerated Mr. Ippolito's employee business expenses for mileage, telephone, parking, and tolls during 1973 and 1974. The facts indicate that the weekly records which Mr. Ippolito was required to maintain and submit to his employer reflect precisely his daily expenses for telephones, tolls, and parking as well as his mileage to the tenth of a mile. There is no indication in the record that these statements, or at least the information contained therein, were at any time made inaccessible or unavailable for use by Mr. Ippolito. Yet petitioners' 1973 and 1974 income tax returns claimed 65,000 miles of business travel in each of those years, and Mr. Ippolito, at trial of the instant case, admitted that such figure was erroneous. On brief, he argues that the figure of 35,000 miles of business travel for each year represents a more reasonable estimate.Petitioners' resort to a guessing approach instead of reliance on Mr. Ippolito's own precise records is unacceptable. On the basis of the available records, we sustain respondent's analysis. As to the alleged dues paid during 1973 and 1974 and the alleged towing expense for 1974, *464 petitioners presented no evidence to substantiate their claims. Accordingly, we sustain respondent's disallowance of any amounts for those items. With respect to Mr. Ippolito's claimed accident expense for 1973, petitioners presented the testimony of Mr. Ippolito to establish that an accident had occurred and that damage was done to the extent of $80. On brief, to avoid the $100 limitation prescribed by section 165(c)(3), petitioners argue that the damaged automobile was a business vehicle, but the record is devoid of any evidence to this effect. Since petitioners have failed to establish that the accident was in any manner business connected, respondent's determination must stand. Finally, in the area of Mr. Ippolito's employee business expenses, there is the question of an expense for an office in the home. Mr. Ippolito testified that he used a portion of his bedroom for business purposes, but his testimony was so vague and imprecise as to be virtually meaningless. Mr. Ippolito testified that the $215 amount which he deducted for 1973 and 1974 consisted of one-sixth of the utility costs of his home and one-sixth of certain renovation expenses prorated over 20 years. However, *465 there is nothing in the record on the renovation or remodeling of petitioners' home, why such renovation expenses should be taken into account in calculating a deductible amount, the total amount of such renovation expenses, the relative percentage of petitioners' home that was used as an office, how many hours per week the area was used, the nature of the alleged business use, the cost of maintaining petitioners' home, or petitioners' overall utility costs. In the absence of such facts, we hold that petitioners have failed to establish any amount for Mr. Ippolito's home office expense, and respondent has not erred in disallowing the claimed deduction for those expenses in 1973 and 1974. 2. Mrs. Ippolito's Claimed Employee Business Expense For Trip to Hawaii. Section 1.162-5(d), Income Tax Regs., provides: Travel as a form of education. Subject to the provisions of paragraph (b) and (e) of this section, expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other *466 trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. The deductibility of Mrs. Ippolito's travel expenses herein turns on the factual question of whether or not the major portion of the activities which she engaged in during her travel to Hawaii was of such a nature as to directly maintain or improve skills required in her employment. Marlin v. Commissioner,54 T.C. 560, 565 (1970). Petitioner contends that her trip to Hawaii improved her skills as a third grade schoolteacher. Respondent, however, contends that *467 the Hawaiian trip only remotely and incidentally related to her duties as a teacher and was primarily personal in nature. We agree with respondent. Mrs. Ippolito's excursion to Hawaii has all the earmarks of a normal tourist holiday. She traveled to Hawaii with her husband and family and another couple and visited numerous conventional tourist attractions with the group. The trip took place during Mr. Ippolito's vacation period from his occupation as a salesman. From the evidence elicited at trial, we are unable to differentiate Mrs. Ippolito's activities in Hawaii from those of other tourists. That Mrs. Ippolito shared her Hawaiian experiences and material gathered on her trip with her students upon her return is not sufficient to satisfy her burden under the above-quoted regulation. There is nothing in the record which describes any particular skills required of her in that capacity as a third grade schoolteacher that were maintained or improved by her trip to Hawaii. She has not shown that the major portion of her activities were directly related to any specific subject that she taught. We have no doubt that petitioner returned to her classroom with a new sense of awareness *468 and enrichment concerning the places she visited, but such a general cultural broadening does not meet the test of the regulations. Krist v. Commissioner,483 F.2d 1345, 1350 (2nd Cir. 1973), revg. a Memorandum Opinion of this Court. We conclude that the major portion of Mrs. Ippolito's travel to Hawaii in 1974 was primarily personal in nature and hold that petitioners are not entitled to deduct as ordinary and necessary business expenses under section 162 those travel expenses attributable to Mrs. Ippolito. See sec. 1.162-5(e), Income Tax Regs.
To reflect the foregoing and the concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / Respondent conceded a towing expense in the amount of $17 for 1973. However, in his calculation, reproduced in footnote 3, infra,↩ respondent allowed an $18 expense for towing in 1973.
3. / The booklets made part of the record in the instant case indicate that Mr. Ippolito incurred average monthly mileage and other expenses as follows: Miles
2,630 (28,916.6 / 11)
Telephone
$28.85 ($317.35 / 11)
Parking
$8.40 ($92.25 / 11)
Tolls
$1.10 ($12.25 / 11) Utilizing the records available and the above averages of mileage and other expenses for those months in 1973 and 1974 for which records were not available, applying the allowable mileage rates for 1973 and 1974, and accounting for Mr. Ippolito's vacation periods during which he would have incurred no expenses (1/2 month for each year), respondent computed Mr. Ippolito's net deduction for each year at issue as follows: ↩ Category
1973
1974
Mileage
$3,119.40 (29,660 miles)
$3,831.60 (30,816
Telephone
327.23
334.40 miles)
Parking
89.50
103.55
Tolls
12.95
12.50
Towing
18.00
0
$3,567.08
$4,282.05
Less: Reimbursement
2,643.54
2,702.95
$ 923.54
$1,579.10