HARTWELL A. GILL and ALICE M. GILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gill v. Commissioner
Docket No. 4164-76.
United States Tax Court
T.C. Memo 1978-170; 1978 Tax Ct. Memo LEXIS 343; 37 T.C.M. (CCH) 731; T.C.M. (RIA) 780170; May 9, 1978, Filed *343 Held, expenses incurred by petitioner in traveling to Europe were not deductible ordinary and necessary business expenses. C. Severin Buschmann, Jr., for the petitioners. Elsie Hall, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $1,004.24 deficiency in petitioners' 1973 Federal income taxes. The sole issue is whether the cost of petitioner Alice M. Gill's European trip was an ordinary and necessary business expense deductible under section 162(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, Hartwell A. Gill and *344 Alice M. Gill, husband and wife, were residents of Indianapolis, Indiana, when they filed their 1973 joint Federal income tax return with the Internal Revenue Service Center, Memphis, Tenn., and when they filed their petition herein. Alice M. Gill (hereinafter petitioner) has been employed by the Indianapolis Public School System for 28 years. Although her 1973 Federal income tax return lists her occupation as math consultant, for the past 12 years she has been employed as a general consultant at the elementary school level. The four basic areas in which petitioner advises are science, mathematics, language arts, and social studies. In her capacity as a general consultant petitioner assists elementary school principals and teachers from six Indianapolis public schools in planning their schedules, creating teaching programs, and selecting course materials for grades kindergarten through sixth grade. In 1973, petitioner enrolled in a summer course offered by Indiana State University. The course, Home Economics 500 or "European Cultural Tours, Summer Studies," was offered by the Home Economics Department and was a three credit-hour course. The course consisted of a tour to Ireland, *345 Norway, Denmark, Spain, and Portugal; spanned the period July 24, 1973 through August 14, 1973; and cost $1,518.33. Students taking the course for academic credit were required to submit a paper on an individually selected topic. Petitioner's paper submitted for the 1973 class was entitled "Europe" and, excluding bibliography, was 13-1/2 pages long. Petitioner received an A in the course. Frequently the papers required for Home Economics 500 were written before the students visited Europe. In petitioner's case she found travel books and brochures were helpful in writing the term paper and she found she could almost write the term paper from those brochures. Of particular help and one of her best sources was Gourmet magazine. Prior to departing on their European tour the students enrolled in Home Economics 500 were given a five-page bibliography containing approximately 95 titles of recommended reading material. Examples of the various titles are Other Schools and Ours; Europe: The Grand Tour; Where the Fun Is; "Cheapest Ways Through Europe"; "Train Tie-Ins with Tourism"; The Education of Children and Youth in Norway; "Europe by Night"; and "Touring Portugal by Car." The *346 itinerary for Home Economics 500 contained general travel information, conversion tables for money, clothes sizes, and measures, as well as a list of places to be visited. Included in the itinerary were lectures on subjects related to home economics that were usually conducted by the students in Home Economics 500. Examples of activities shown on the itinerary are an evening lecture on home economics at the University College of Cork; an excursion to the races and a tour of the stables in Dublin; a cruise on "majestic Sognefjord, the longest and deepest in the world"; a dinner in Tivoli Amusement Park; a morning excursion to Toledo; and sightseeing at various locations. The lecture on home economics scheduled for the University College of Cork, however, was subsequently cancelled. In 1973, 25 people enrolled in Home Economics 500. Seventeen were involved in teaching, one was a homemaker, three were businessmen, two were university students, and two were minors. Seven of the group, including petitioner, were repeating the course. Prior to trial of this case, petitioner repeated the course ten times; prior to the 1973 tour petitioner had taken the tour five times. Petitioner *347 has a B.S. in english, physical education, and education. She also has a master's degree in education. Petitioner has met all of the educational requirements established by the Indianapolis Public School System to qualify as an elementary school consultant. There are no express or mandatory continuing education or travel requirements in order to maintain her job. Promotions or demotions are not granted because of travel or classes taken during the summer. As with most professions, however, any person in a responsible position is expected to continue his education throughout life. Petitioners, on their 1973 Federal income tax return, deducted as an employee business expense $1,518. The explanation for this deduction, found on Form 2106, states that the amount was paid to the Indiana State University and the "Expenses incurred in attendance thru Indiana State University [were] required by employer as a condition in retention of my status I.D. 6291. Transportation, meals, lodging paid to Ind. State Univ." In his notice of deficiency, respondent denied the entire amount of petitioners' deductions stating "You have not established that the claimed deduction qualifies as an *348 ordinary and necessary expense related to your trade or business, hence the deduction is not allowed." ULTIMATE FINDING OF FACT The expenses incurred by petitioner on her European tour were not educational expenses deductible under section 162(a) as ordinary and necessary business expenses. OPINION The only issue we must decide is whether petitioner's trip to Europe in 1973 in connection with Home Economics 500, a three credit-hour course offered by Indiana State University, was an ordinary and necessary business expense deductible under section 162. Generally section 162 allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 1.162-5, Income Tax Regs., notes that educational expenses may be deductible if the education maintains or improves skills required by the taxpayer's employment. [2]Section 1.162-5(d), Income Tax Regs., specifically treats the subject of travel as a form of education: [A] period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature *349 which directly maintains or improves skills required by the individual in such employment or other trade or business. [Emphasis added.] Whether a major portion of the activities during a period of travel maintains or improves skills required in an individual's employment is a question of fact. Marlin v. Commissioner, 54 T.C. 560, 565 (1970). Upon considering all the facts before us, we conclude that the major portion of petitioner's activities during her period of travel did not directly maintain or improve her skills as an elementary education consultant. Accordingly, the educational expenses petitioner incurred are not *350 deductible ordinary and necessary business expenses. A number of facts have persuaded us in reaching our decision. The itinerary for petitioner's European tour shows the majority of time was spent in activities commonly associated with vacation and summer touring. Although some lectures were scheduled in home economics these lectures were occasionally cancelled. Further, we are not convinced that the lectures in home economics directly maintained or improved petitioner's skills as an elementary school consultant in math, language arts, social studies, and science. Nor are we convinced that the main academic exercise in Home Economics 500, the term paper, directly maintained or improved petitioner's skills as an elementary school consultant. This term paper was only 13-1/2 pages long, excluding bibliography, and discussed the broad subject "Europe." It was apparently prepared prior to petitioner's trip to Europe and the primary source material was Gourmet magazine as well as travel brochures. As such it was little more than a pro forma exercise necessary to obtain course credit. The suggested reading list given to students prior to the trip contained articles and books of a *351 generally informative nature, the sort of reading material tourists usually consult prior to a trip abroad. Again, however, we are unable to find any direct relation between the suggested reading and petitioner's duties as an elementary school consultant. Finally, the makeup of the tour group suggests that it was similar in nature to a commercially sponsored tour. Although the majority of the individuals on the tour were in the field of education, the group also included businessmen, students, and children. Indeed, the fact that petitioner has taken this tour ten times during her summer vacation and had a number of prior acquaintances on the tour in 1973 reinforces our feeling that the tour was in the nature of a vacation. Petitioner's main argument that her trip to Europe was a deductible business expense is based on a Memorandum Opinion of this Court, Dougherty v. Commissioner, T.C. Memo. 1970-42. This case, however, we find distinguishable on its facts. In Dougherty, we found as a factual matter that the major portion of the trip amounted to an intensive examination of the methods of education found in various Communist countries. The tour group attended *352 lectures and seminars conducted by leading educators from the countries visited for three or four hours each day. The members of the group also visited the elementary schools, high schools, and universities in each area, and often formed smaller groups for those who wanted to focus attention on any one of these three levels of education. In contrast the itinerary of petitioner's tour lacked the specific focus found in Dougherty. The majority of petitioner's time was spent in traditional sightseeing activities and visiting commonly known tourist attractions. Although there were lectures, these lectures dealt with the area of home economics, were occasionally cancelled, and were not directly related to petitioner's profession as an elementary school consultant. There is no indication in the record before us that petitioner ever met with any elementary school consultants, educators, or supervisors in the different countries where she traveled nor is there any indication that seminars discussed the problems she might face in her profession. We must conclude that had petitioner spent the majority of her time in activities that would directly help her maintain or improve her skills *353 as an elementary education consultant she would have been able to specify in some detail what those activities were and the direct relation those activities had to her trade or business. This she has not done. In sum, although we believe that petitioner's travel was without question broadening, culturally enriching, and was in fact beneficial, we cannot find any direct relationship between petitioner's European tour and her profession as an elementary education consultant. Accordingly, we conclude that petitioner is not entitled to deduct the cost of her European trip as an ordinary and necessary business expense. Because of concessions by the parties, and to reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Although petitioner stated on Form 2106 that her European trip constituted an education expense "required by [her] employer as a condition in retention of my status * * *" she has made no such contention either at trial or on brief. Indeed, such a contention would be specifically contrary to testimony at trial to the effect that petitioner's employer imposed no express or mandatory continuing education requirements. We therefore assume petitioner has abandoned any argument that her trip to Europe was required by her employer.↩