RAYMOND P. AND KAREN I. RISTIC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ristic v. Commissioner
Docket No. 1234-79.
United States Tax Court
T.C. Memo 1981-125; 1981 Tax Ct. Memo LEXIS 619; 41 T.C.M. (CCH) 1117; T.C.M. (RIA) 81125; March 18, 1981. Raymond P. Ristic, pro se. James M. Eastman, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1976 in the amount of $ 665. Concessions having been made, the only issue remaining for decision is whether petitioners are entitled to a business-related travel expense deduction for costs incurred by petitioner husband (hereinafter Raymond) when he took his family on a vacation to Hawaii. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in West *620 Covina, California, at the time they filed the petition herein. They filed a joint Federal income tax return for 1976. Since 1973 Raymond has been employed by the County of Los Angeles as the head of the Impact Analysis Section of the Department of Regional Planning. His duties include such things as residential project design, laying out street patterns and lot locations, reviewing commercial and industrial designs, public facility design (schools, parks, and libraries), highway location and design, and preparing park need studies. the primary focus of these activities was on environmental issues. His analysis often involves considerations such as flood hazards, seismic activity, geological surveys and studies of plant and animal life. In June and July 1976, Raymond took his family (petitioner wife and their three children) on a two-week vacation to Hawaii. He selected Hawaii from among several alternatives because it was known for its environmental concerns and planning laws, and because he thought it would be pleasurable. Prior to their trip to Hawaii petitioners did not correspond with persons in Hawaii relative to activities to be engaged in which there, nor did Raymond *621 discuss with his employer the business significance of the trip. While in Hawaii both petitioners were on vacation status vis-a-vis their employers. No reimbursements were received by petitioners from their employers for expenses of the Hawaiian trip. In nearly all of the activities engaged in by Raymond while in Hawaii, which he considered to be of potential benefit to him in his employment, he was accompanied by his family. [1] These activities included: visiting various state and national parks; visiting various shopping centers; swimming; snorkeling; picnicking; and touring the Royal Macadamia Nut Factory, the Hale Manu Weaving Factory, the Dole Pineapple Factory, the Polynesian Cultural Center, the Punchbowl National Cemetery, the Bishop Museum, and a Tahitian festival. The only meeting attended by Raymond while in Hawaii was on the morning of his last day there. He went to the Honolulu Government Center, without an appointment, and spoke with whomever was available. As a result, he was mailed certain Hawaiian environmental materials which, the parties have stipulated, could have been obtained by writing or telephoning the appropriate Hawaiian officials or agencies. Raymond *622 made these materials available to other employees in his office, but otherwise made no report on the trip to his employer. On their 1976 Federal income tax return the petitioners deducted $ 2,053 as educational expenses incurred during their trip to Hawaii. Petitioners have conceded all but $ 1,029 of this amount, representing Raymond's air transportation expenses, meals, lodging, and automobile transportation expenses. Respondent has disallowed these expenses on the basis that they constitute personal, family, or living expenses under section 262. [2]
OPINION Petitioners assert that the expenses incurred by Raymond on the Hawaiian trip are valid educational expenses under section 162 and section 1.162-5(a), (d), Income Tax Regs.[3] These regulations provide that travel, as education, is deductible only to the extent directly related *623 to the individual's employment duties. Sec. 1.162-5(d), Income Tax Regs. Travel shall be considered directly related to one's employment duties only if the major portion of his activities during the period are of a nature which directly maintain or improve the skills required in his employment. Sec. 1.162-5(d), Income Tax Regs; Marlin v. Commissioner,54 T.C. 560, 565 (1970). If the travel is primarily personal, the individual's travel, meals, and lodging expenses are not deductible except to the extent incurred during participation in valid educational pursuits. Sec. 1.162-5(e), Income Tax Regs. (Emphasis supplied.) The petitioners bear the burden to rove their entitlement to the claimed deductions under these rules. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Upon consideration of all the evidence, we find that petitioners have failed to meet their burden. *624 It appears that Raymond, as an environmental planner, would have us believe that each time he experienced a new environment he should be entitled to deduct any expenses pursuant thereto as education. In the abstract, each person is educated by each new experience to the extent that it increases one's store of knowledge. What petitioners have failed to show, and what they must show, is how Raymond's experiences in Hawaiidirectly maintained or improved the skills required in his employment. The evidence presented indicates that Raymond's activities in Hawaii were no different than would be expected of any vacationer--touring the unique aspects and places not found in the area of one's residence (tourist attractions). Moreover, all of his activities except one--his unannounced meeting at the Honolulu Government Center--were enjoyed with his family. Additionally, with respect to his employment, Raymond was on vacation status while in Hawaii, he did not discuss the trip with his employers either before or after the trip, and he was not reimbursed for any of the expenses he incurred. Finally, by his own testimony, Raymond considered his Hawaiian trip to be "without a doubt" *625 a relaxing and pleasurable vacation. Thus, the evidence supports only a finding that all of petitioners' expenses related to their Hawaiian trip were nondeductible personal, living and family expenses. Sec. 262. Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. Raymond has conceded that 50 percent of the time spent on the Hawaiian trip was not spent visiting places which he considered to be of potential benefit to him in his employment.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
3. Petitioners also maintain that the lack of Federal guidelines for deducting travel as an educational expense somehow violates their constitutional rights. They point to "publication 508." Suffice to say that we find this argument totally without merit.↩