DELBERT A. BOWDEN and CAMILLA M. BOWDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowden v. Commissioner
Docket No. 16009-79.
United States Tax Court
T.C. Memo 1982-548; 1982 Tax Ct. Memo LEXIS 198; 44 T.C.M. (CCH) 1188; T.C.M. (RIA) 82548; September 22, 1982. Sheldon Chertow, for the petitioners. Stephen J. Morrow, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION *199 WILES, Judge: Respondent determined a deficiency of $4,912 in petitioners' 1976 Federal income tax. The sole issue for decision is whether petitioners are entitled to deduct the cost of a world tour as an educational travel expense under section 162(a). FINDINGS OF FACT Delbert A. Bowden and Camilla M. Bowden, husband and wife, resided in Villa Park, Illinois, when they filed their petition in this case. They filed a joint Federal income tax return for 1976 with the Internal Revenue Service Center, Kansas City, Missouri. In 1952, Delbert A. Bowden (hereinafter Dr. Bowden) received a general teaching certificate from the Board of Education of Chicago, Illinois (hereinafter the Chicago Board of Education) which qualified him to teach music in the public high schools of Chicago. [1] Except for one year of graduate study at Northwestern University during the 1969-1970 academic year, Dr. Bowden has been working as an educator in Crane High School, which is in the Chicago public school system, since 1952. Between 1952 and 1962, petitioner worked at Crane High School as a teacher; then he became a guidance counselor there between 1962 and 1966; and from 1966 on he has been *200 the school's assistant principal. [2]
Dr. Bowden's responsibilities as assistant principal included supervising the guidance and educational programs at Crane High School. In the area of guidance, Dr. Bowden supervised the counselors, but he did not deal directly with the students. In the area of special education, Dr. Bowden's responsibilities included screening students for special education services. Dr. Bowden has occasionally represented the principal of Crane High School at staff meetings to assist counselors, teachers, and psychologists in making a tentative determination as to whether a particular student needed or was eligible for the school's special education curriculum. The ultimate decision, however, on the *201 placement of a student was made by the central offices of the Chicago Board of Education. Dr. Bowden also assisted in the supervision of the Crane High School's social studies curriculum. At all times relevant herein, the Chicago Board of Education described the duties of an assistant principal as follows: Duties of Assistant Principal. Assistant Principals shall take charge of their respective schools when their principals are absent from the building for any reason. Assistant Principals shall be subject to the supervision of the principal and shall perform such duties as the principal shall direct. Such duties may include, but are not limited to, providing assistance in the organization, supervision, administration and discipline of the schools. [Chapter VI, Section 6-12.1 of the Rules of the Chicago Board of Education.] In addition to his position at Crane High School, Dr. Bowden has from time to time worked on a part-time basis in the field of counselor education at local universities and has conducted a private counseling service. Camilla Bowden (hereinafter Mrs. Bowden) received a teaching certificate from the Chicago Board of Education in 1966, which qualified *202 her to teach vocal music in grades 7 through 12. In 1967, Mrs. Bowden was assigned by the Chicago Board of Education to Spalding High School, and she has remained there as a music teacher at all times thereafter except for the 10-month period commencing in September 1976, when she was on a sabbatical travel leave. Spalding High School is the only high school in the Chicago public school system to teach physically and mentally handicapped children who need a protective environment; its students come from a variety of cultural backgrounds. The courses that Mrs. Bowden teaches at Spalding include music history, music theory, and music appreciation. As a music teacher at Spalding High School, Mrs. Bowden required an understanding of the needs of handicapped students. The general requirements that an individual must meet in order to obtain a teaching certificate in the Chicago public schools are as follows: A Bachelor's degree from an accredited college or university; United States citizenship; proof of date of birth; and satisfaction of a medical examination. If certification in a specific field such as music is desired, the applicant must, in addition to the foregoing requirements, *203 meet the following specific requirements: (a) Successful completion of eighteen semester hours in Education, Minimum distribution within the various areas: (1) American Public Education, Principles or Philosophy of Education - two semester hours. (2) Adolescent Psychology, Human Growth and Development, or Education Psychology - two semester hours. (3) Methods of Teaching (appropriate grade level) - two semester hours. (4) Student Teaching; OR one year of successful teaching in grades 7-12 in an accredited school. (5) Electives in Professional Education as needed to total eighteen semester hours. (b) Specific course requirements for Music are as follows: A candidate seeking certification in Vocal Music must present thirty-two semester hours of college credit in the field of music including ten semester hours of applied music (voice and piano/organ - of which up to six semester hours may be in piano/organ, six semester hours of theory and/or harmony, three semester hours of music history and/or appreciation, and two semester hours of conducting). [Circular of Information, Board of Education, City of Chicago (September 1978)] Once an individual has received *204 a teaching certificate in the Chicago public schools, he is not required to undertake any additional study or to take travel leave as a requisite to maintaining his teaching certificate. On February 20, 1976, petitioners filed an application with the Chicago Board of Education for sabbatical travel leave during September 1976 through June 1977. The stated purposes which petitioners gave to their employer for the sabbatical leave was "personal growth through travel with wife [with husband]." The proposed itinerary submitted with their application was as follows: September
Italy and France
October
Germany and Austria
November
Yugoslavia and Greece
December
Italy
January
Consolidation of notes and photographs
February
Louisiana, Alabama, and Mississippi
March
Texas
April
Mexico
May
New Mexico, Arizona, and California
June
Consolidation of notes and photographs
On May 17, 1976, the Chicago Board of Education approved petitioners' request for sabbatical leave. On July 27, 1976, petitioners submitted the following revised travel itinerary to the Chicago Board of Education: September
Depart from Seattle via ship to Asia
October
Japan and Taiwan
November
Hong Kong, Indonesia and Malaysia
December
Thailand, Burma and India
January
Iraq, Iran and Turkey
February
Greece, Yugoslavia and Austria
March
Germany and Denmark
April
France and Spain
May
Switzerland and Italy
June
Depart Trieste via ship for New York
*205 The planning of petitioners' travel sabbatical was undertaken by Dr. Bowden. He had contacted six ministries of education before changing his plans on the countries that he would visit. Initially, Dr. Bowden had planned on collecting data on other countries' guidance programs, but he abandoned that idea prior to commencing his travel. Prior to beginning their travel, petitioners did not contact any government agencies, universities, schools, or any other individuals or organizations in the countries that they visited for the purpose of holding conferences with respect to petitioners' job responsibilities. While on their tour, petitioners did not carry on detailed discussions with educators in any university, school, government agency, or other organization with respect to the skills required by petitioners in their jobs. Petitioners had no intent to meet with teachers or government officials on their trip; all of the information that they received about the countries that they visited was through socialization with the people that they happended to meet. Petitioners took many slide pictures of the sites they saw while on their trip. Dr. Bowden occasionally loaned some of these *206 slides to teachers at Crane High School and Mrs. Bowden has used some of the slides in her classes. Petitioners submitted monthly reports to the Chicago Board of Education stating the places that they had visited during the preceding month. Petitioners' actual travel on a day-to-day basis was as follows: September
Japan, Korea, Taiwan
October
Hong Kong, Jakarta, Singapore, Malaysia
November
Sumatra, Burma, Calcutta, other Indian cities
December
Delhi, other Indian cities, Tehran and other
Iranian cities, Egypt, Tunis
January
Spain, Mideastern U.S.
February
New York, Spain
March
Spain, Greece
April
Trieste, Vienna, Munich, Lyon, Bordeau and other
area cities, Paris and other area cities,
Switzerland
May
Florence, Rome, Ancona, Bari and other Italian
cities, Frankfurt, Dusseldorf, Brussels,
Rotterdam and Amsterdam
June
Sea passage - Rotterdam to Tampa, Florida
Upon completion of their travel, Mrs. Bowden was reinstated at Spalding High School in the same position with the same duties that she performed before her travel leave. Dr. Bowden was reinstated as assistant principal at Crane High School and he performed the same duties *207 as he had before his travel leave, except that he was given the additional responsibility of supervising instruction in art and music. [3]
On their 1976 joint Federal income tax return, petitioners claimed a deduction for their sabbatical travel expenses in the amount of $14,463.13. In the notice of deficiency, respondent disallowed such deduction because petitioners did not establish that their travel expenses were incurred primarily to maintain or to improve skills required in their employment, or that such expenses were incurred to meet the express requirements of their employer. OPINION We must determine whether the travel expenses which petitioners incurred while on a sabbatical during the September 1976 through June 1977 academic year are deductible under section 162(a). [4]
*208 Section 162(a) allows a taxpayer a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including travel expenses while away from home in pursuit of a trade or business. Section 1.162-5, Income Tax Regs., which deals specifically with the deductibility of expenditures for travel as a form of education provides, in pertinent part, as follows: (a) General rule. Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses * * * if the education-- (1) Maintains or improves skills required by the individual in his employment * * * (d) Travel as a form of education. * * * expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are atrributable to a period of travel that is directly related to the duties of the individual in his employment or other trade *209 or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer * * * is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. (e) Travel away from home. (1) If an individual travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible. However, if as an incident of such trip the individual engages in some personal activity such as sightseeing, social visiting, or entertaining, or other recreation, the portion of the expenses attributable to such personal activity constitutes nondeductible personal or living expenses and is not *210 allowable as a deduction. If the individual's travel away from home is primarily personal, the individual's expenditures for travel, meals and lodging (other than meals and lodging during the time spent in participating in deductible education pursuits) are not deductible. * * * Furthermore, petitioners' travel expenses can qualify as deductible business expenses only if the main purpose of the travel was to develop or improve a specific skill or area of knowledge which is central to accomplishing their jobs. [5]Krist v. Commissioner,483 F. 2d 1345, 1350 (2d Cir. 1973). In other words, petitioners will be permitted a deduction for their travel expenses if they can establish that a major portion of the travel was undertaken primarily to maintain or improve skills required of petitioners in their employment. Krist v. Commissioner,supra;Marlin v. Commissioner,54 T.C. 560, 564 (1970). *211 Petitioners argue that the trip that they took during the September 1976 through June 1977 academic year maintained and improved their skills as educators in the Chicago public school system. Consequently, they claim that the cost of such trip qualifies as a deductible educational expenditure in accordance with section 1.162-5, Income Tax Regs. Respondent, on the other hand, maintains that petitioners' travel was primarily for personal purposes and that they have not established that the trip maintained or improved the skills required in their respective positions in the Chicago public schools. Thus, respondent has disallowed petitioners' claimed deduction for the cost of their world tour. For the reasons set forth below, we agree with and hold for respondent. In support of their contention that the cost of their world tour was a deductible educational expense, petitioners have advanced different arguments as to how the travel maintained or improved the skills required in their jobs. With respect to Dr. Bowden's position as an assistant principal at Crane High School, petitioners maintain that he "is one of those rare career administrators who has devoted *212 his career inside and outside of school to be problems of human beings in the high school and in the community." Petitioners contend that one of Dr. Bowden's principal job skills is human relations and that the world tour provided him with "that person-to-person contract" which was necessary "to round out and improve his professional skills." With respect to Mrs. Bowden's position as a music teacher in Spalding High School, petitioners maintain that the world tour provided her with additional resource materials (i.e., slide pictures) which assisted her in teaching music to the handicapped and gave her the experience to better communicate her skills to students with different cultural backgrounds. While the world tour which petitioners undertook during September 1976 through June 1977 may have broadened their own personal horizons, an examination of the record reveals that they did not undertake any activities other than those which normal tourists would pursue. Once on their trip, petitioners never visited any universities for the purpose of having discussions with academicians concerning guidance, counselling, music, the teaching of handicapped children, or any other problem that *213 could assist petitioners in carrying out their responsibilities at their respective schools. In fact, Dr. Bowden, by his own admission, stated that it was not his purpose to plan meetings with professors or government officials. His purpose, and that of Mrs. Bowden, was to glean whatever knowledge that they could solely through socialization with the various people that they happened to meet while traveling. If the petitioners had really intended to secure information which would be useful to them in their respective jobs, they should have done some advance planning to try to assure that their travel experience would maintain or improve their skills as educators. [6]
In any event, petitioners have not established that upon their arrival at the various countries that they made any attempts to secure assistance from responsible individuals who could provide them with useful educational information. [7] Petitioners have not presented sufficient credible evidence that they learned anything from their world tour that could be used in *214 any significant manner to enhance or improve their skills. The record reflects that Dr. Bowden's job required skills which were primarily administrative in nature, and while the world tour may have helped improve his understanding of human relations, we can only respond by saying that travel for the sole purpose of generally broadening one's cultural outlook or for obtaining a liberal education does not qualify for an educational expense deduction. [8] Furthermore, when Mrs. Bowden was asked at trial if she was aware of any schools in the countries that she visited which taught handicapped students, she replied: "No, I am not aware [of any], but I am sure that there are. I didn't visit any." Clearly, Mrs. Bowden's failure to visit any such schools causes us to question how the world tour improved her skills as a music teacher in Spalding High School. Moreover, while Mrs. Bowden's picture slides of the sites that she saw on the world tour may have been enjoyed by her students, petitioners have not established that Mrs. Bowden's activity of visiting and taking pictures of those various sites bears anything other than a tenuous relationship at best to the skills required of a music *215 teacher. We do not think that such activity is of the nature which directly maintained or improved Mrs. Bowden's skills as a music teacher. While petitioners' world tour may have added to their "personal growth" (i.e., their stated purpose for undertaking the trip), they have failed to establish that the cost of their travel qualifies as a deductible educational expense. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Dr. Bowden has received the following degrees from institutions of higher education: Bachelor of Music Education, University of Dubuque (1949); Master of Music Education, Roosevelt University (1955); Master of Science in Guidance, Chicago State College (1967); and a Doctor of Philosophy of Counselor Education and Supervision, Northwestern University (1971). ↩
2. During the 1976-1977 academic year, dr. Bowden took a sabbatical leave for foreign travel.↩
3. With respect to art and music, Dr. Bowden's major responsibilities included monitoring lesson plans, helping teachers obtain necessary textbooks and supplies, and providing teachers with information and materials as they became available to him. Dr. Bowden had similar responsibilities with respect to his supervision of the social studies program at Crane High School.↩
4. While section 162↩ traveling expenses are generally subject to the substantiation requirements of section 274(d), respondent has never questioned petitioners' ability to substantiate their travel expenses. Consequently, we will not give any further consideration to section 274(d).
5. See also Gibbons v. Commissioner,T.C. Memo. 1978-75; Haynie v. Commissioner,T.C. Memo. 1977-330↩.
6. See Reidenbach v. Commissioner,T.C. Memo. 1981-642. Compare, Haynie v. Commissioner,T.C. Memo. 1977-330↩.
7. Compare Marlin v. Commissioner,54 T.C. 560↩ (1970) (taxpayer's advance planning in determining what places to visit weighed heavily in her favor). 8. See Gibbons v. Commissioner,T.C. Memo. 1978-75↩.