JAMES PERCY and AUDREY O. SWEET, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sweet v. Commissioner
Docket Nos. 7188-81, 20395-81.
United States Tax Court
T.C. Memo 1983-348; 1983 Tax Ct. Memo LEXIS 439; 46 T.C.M. (CCH) 456; T.C.M. (RIA) 83348; June 14, 1983. James Percy Sweet, pro se. Eugene Bernstein, Jr., for the respondent. *440 COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: By notice of deficiency dated March 20, 1981, respondent determined a deficiency of $922 in petitioners' income taxes for the year 1978. In a notice of deficiency dated May 14, 1981, respondent determined a deficiency of $1,199.71 in petitioners' income taxes for the year 1979. Some of the facts have been stipulated and the stipulation and exhibits thereto are incorporated herein by this reference. At the time they filed their petitions in these consolidated cases, petitioners, husband and wife, maintained a personal residence and a post office box mailing address in Coulterville, Illinois. James Percy Sweet (petitioner), however, maintained his tax home in Normandy, Missouri, a suburb of St. Louis. Petitioners filed joint Federal income tax returns for the calendar years 1978 and 1979 with the Internal Revenue Service Center at Kansas City, Missouri. During 1978 and 1979, petitioner was employed as a school-teacher by the City of St. Louis. He was then teaching industrial arts. He also held a lifetime certificate issued by the State of Missouri that entitled him to teach social studies, but he never *441 used that accreditation. During 1978 and 1979, petitioners owned two pieces of rental property immediately adjacent to the family home in Coulterville, Illinois, and one piece of rental property in Normandy, Missouri. During January and February 1978, they also owned and rented an apartment building in Coulterville, Illinois, which was sold on or about March 1, 1978. On their tax returns petitioners reported gross rental income of $4,450 for 1978, for rental from four properties, and $3,870 for 1979, for rental from three properties. Petitioners also claimed expenses attributable to the rental properties in the amounts of $8,409.62 for 1978 and $7,604.59 for 1979. After concessions by respondent, amounts remaining in dispute for lack of substantiation and/or because respondent determined that an expense was not ordinary and necessary include expenses claimed for utilities (because respondent could not ascertain that the items related to the rental properties and not to the personal residence), management fees and rent, parking, postage, repairs and maintenance, sewer fees, property taxes and licenses, telephone expense, water expense, and warehousing. The primary dispute regarding *442 the alleged rental property expenses, however, relates to petitioner's claimed deductions for expenses of travel during the school year between his tax home in St. Louis and his family residence in Coulterville (a distance of 70 miles), lodging in Coulterville and meals en route and in Coulterville, and travel during vacation periods between the residence in Coulterville and the rental property in Normandy. Additional items in dispute include medical expenses for 1978 totaling $748.91, consisting in part of claimed automobile expense incurred in obtaining medical treatment and prescriptions. Miscellaneous expenses in dispute include post office box rentals, claimed expenses (automobile and "treats") incurred in connection with petitioner's visits to his tax return preparer, and educational travel expenses not claimed on petitioners' return but now claimed by petitioner to have been incurred during the year 1978 in relation to a trip to Canada. Finally, petitioner claimed and respondent disallowed an investment credit. Petitioners did not maintain adequate records that would substantiate expenses beyond those allowed by respondent. Petitioner did present to respondent and to *443 the Court logs purporting to substantiate the various expenses. The entries in the logs were not made when the expenses were incurred, however, and were incomplete and inaccurate. For example, additions were made to the log for 1978 after petitioner met with an Internal Revenue agent during an audit of his tax return for 1978. Petitioners presented no evidence at trial that would sustain their burden of proof with respect to the disallowed deductions and investment credit. Petitioner James Percy Sweet merely testified under oath that the amounts stated on the tax returns were correct. A statutory notice of deficiency is ordinarily presumed correct, and it is the taxpayer who bears the burden of persuasion (the ultimate burden) and the burden of going forward with the evidence. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Income tax deductions are a matter of legislative grace, and taxpayers are required to maintain and present for examination books and records sufficient to establish their rights to the deductions claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); *444 section 6001. [1] Where the taxpayers present no evidence other than their assertion that their return was correct when filed and offer no substantiation of their sworn statement as to the deductions, respondent's determination is ordinarily sustained in total. See Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), affg. a Memorandum Opinion of this Court; Wilkinson v. Commissioner,71 T.C. 633, 639 (1979). Specifically, petitioner failed to establish the criteria for deductibility of his travel expenses, sections 1.162-2 and 1.274-5(b)(2), Income Tax Regs.; his medical expenses, section 1.213-1(h), Income Tax Regs.; his claimed educational travel, section 1.162-5(d), Income Tax Regs., see Marlin v. Commissioner,54 T.C. 560 (1970); or any of the other disputed items. During extensive cross examination of petitioner and by two other witnesses, respondent presented evidence that the claimed deductions, notably the purported mileage expense, were not reasonable, ordinary *445 or necessary, and that petitioner's testimony was unworthy of belief. For example, petitioners claimed as rental expenses mileage based upon 36 purported trips between Normandy, Missouri, and Coulterville, Illinois, for each of the taxable years 1975, 1976, 1977, 1978, and 1979. The number of trips claimed remained constant even though one of the rental properties was sold early in 1978 and petitioner was not working in St. Louis as a teacher between January 18 and March 12, 1979, because of a teachers' strike. Petitioner testified that virtually every weekend during the school year he arrived in Coulterville on Friday evening and left Sunday evening to return to school. He acknowledged that he also visited his family during those weekend trips; however, he claimed the expenses as necessary to inspect the rental properties, although after February 1978 they consisted of merely a single-family dwelling and a small cottage, both located immediately adjacent to the family home in Coulterville. When school was out, petitioner claimed to have made trips from Coulterville to Normandy, the suburb of St. Louis where he lived during the school year, to inspect the single-family rented *446 dwelling owned by petitioner in Normandy. Petitioner admitted that he would have gone to Coulterville to visit his family even if he had not had rental property there but "not as often, perhaps." We find petitioner's assertions as to the business purpose of these trips unconvincing. Other evidence brought out on cross examination demonstrated that the expenses claimed by petitioners were so unreasonable in relation to the activity as to defy categorization as ordinary and necessary. For example, petitioner's 1978 log recorded for August 18 a 200-mile round trip to Poplar Bluff, Missouri, from Coulterville, Illinois, for a paint roller. Petitioner explained that prices were higher at stores in the Coulterville area. Similarly, petitioner on many occasions claimed to have traveled from 30 to 140 miles to pick up a prescription that might have been available locally. Although petitioner lived in St. Louis five days a week, he claimed mileage for trips to doctors in St. Louis from Coulterville and to his tax preparer in St. Louis from Coulterville. Finally, respondent produced evidence that tended to establish that petitioner had presented altered checks to a revenue agent during *447 the audit for 1978 and had otherwise made verification of the claimed deductions difficult. The thrust of respondent's evidence was to cast substantial doubt on whether or not the claimed expenses had in fact been incurred. Even assuming that they had been established, however, the overall record requires the conclusion that the claimed trips between the St. Louis area and the Coulterville area were predominantly for personal purposes and were not, therefore, deductible. See section 262. This evidence was merely cumulative, however, because of petitioners' total failure to carry their burden of proof. Because of concessions made by respondent as set forth in the stipulation, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩