JAMES A. MORANDINI AND KATHLEEN A. MORANDINI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morandini v. Commissioner
Docket No. 28822-81.
United States Tax Court
T.C. Memo 1983-728; 1983 Tax Ct. Memo LEXIS 61; 47 T.C.M. (CCH) 537; T.C.M. (RIA) 83728; December 7, 1983. *61 Held: Deductible portion of travel expenses of teacher's sabbatical leave determined. Ronald J. Zera, for the petitioners. Donna J. Pankowski, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in Federal income tax for the taxable year 1979 in the amount of $2,473. Petitioners have conceded that they omitted $79 of interest income from their *62 1979 return. The issue remaining for decision is the entitlement of James A. Morandini (Morandini) to a deduction for the year 1979 of expenses claimed for educational travel. [1] For convenience, the Findings of Fact and Opinion are combined. Some of the facts have been stipulated and are so found. Petitioners are husband and wife and at the time of the filing of their petition they resided in Pittsburgh, Pennsylvania. For the year 1979 they filed a joint income tax return. At the time of trial, Morandini had been a school teacher for approximately 16 years. During the year 1979 and for a number of years before that, Morandini was employed in the Pittsburgh public school system as an earth and space science teacher at the Taylor-Allderdice High School. Morandini taught a general science course to general level or non-academic 11th *63 and 12th grade students, that is those students who were not expected to become college applicants. Morandini has a master's degree and 59 credits beyond that. His undergraduate degree is in geography and earth and space science. His entire teaching career has been in the earth and space science field. This is a general science course designed for those students who do not take a more specialized science course such as chemistry or physics. The course is designed to give students a bird's-eye view of the earth and how it developed, covering such topics as geology, topography, land structure, meteorology, weather, paleontology, ocean studies, glaciology, astronomy and the like. There is some emphasis in the study outline on laboratory work but in practice Morandini has found that the use of slides and samples, such as rocks and minerals, contribute greatly to maintaining the interest of his students. Use of such teaching aids is approved by his department chairperson and his school principal. During the year 1978, Morandini applied for sabbatical leave for the period January 24, 1979, through June 13, 1979, to travel to Europe, Africa and the Middle East. In accordance with *64 the Pittsburgh public schools' rules and regulations, Morandini's request was granted by the superintendent of schools on October 9, 1978. On July 1, 1979, Morandini filed a report of his sabbatical trip showing the dates and destinations visited as required by school regulations. Mrs. Morandini accompanied Morandini on the trip. The parties have stipulated that the amount of substantiated expenses attributable to Morandini's travel is the sum of $10,000.60. Petitioners contend that they are entitled to a deduction under section 162 [2] in this amount. Respondent contends that no part of the sabbatical trip was business related and therefore that no deduction for educational expenses is allowable. However, respondent in open Court conceded that this amount would be deductible if the trip were business (i.e., educationally) related. On brief respondent correctly argues that section 1.274-4(f), Income Tax Regs., relating to certain foreign travel expenses, requires that Morandini's total expenses be allocated between business and nonbusiness days, even if the trip as a whole is business related. Respondent's concession, if indeed it was intended to be as broad as the record would *65 indicate, cannot override the requirements of the regulations. [3] Since petitioners concede that some days were not business related, an allocation is required if petitioners otherwise are entitled to prevail, as we conclude for the reasons indicated. Petitioners' trip lasted approximately 144 days. During the period they visited Kenya, Egypt, Greece, Israel, Italy and Sicily, England, Yugoslavia, Tunisia and Spain. Morandini kept a diary or journal (Exhibit E, frequently referred to as "the log") covering most of the time, but it reflects little of the extensive activities carried on by Morandini relating to maintaining and improving his skills as a teacher in the earth-science field. The log appears to *66 record more of the personal and travel activities problems of the trip than the education-related activities. Morandini did take approximately 1,000 color slides, of which a representative sample was reviewed by the Court. Approximately 90 percent of these slides have been or will be useful to Morandini in his teaching activities. In addition, with the assistance of Mrs. Morandini, he obtained numerous samples of rock, sand, lava and the like, all carefully segregated in small plastic bags with adequate labeling. Many of these samples have been and will continue to be useful to him in his teaching activities. Also, contrary to the impression created by some portions of the log, many of these slides and samples were obtained on days on which the principal recorded activity was rest, relaxation or tedious travel. Expenditures for travel are deductible under section 162(a) when they constitute ordinary and necessary business expenses. Section 1.162-5, Income Tax Regs., governs the deductibility of a taxpayer's education expenditure. These regulations establish the rule that travel expenditures are deductible "as a form of education" to the extent that such expenditures are directly *67 related to the teaching duties of the individual. For this test to be met, a "major portion" of the activities during the travel period must directly maintain or improve the skills required of that individual in teaching. [4] Moreover, these regulations make applicable section 274(c) and (d), relating to foreign travel expense and substantiation requirements. [5]Marlin v. Commissioner,54 T.C. 560 (1970); Haynie v. Commissioner,T.C. Memo. 1977-330. *68 We found both Morandini and Mrs. Morandini to be highly credible and dedicated individuals. It is unfortunate for them that they failed to make a better current record in the log of the "business-related" activities engaged in on most days. On the basis of the record as a whole, we find that no more than 40 percent of the time involved in the trip, both sightseeing and travel, may be said to have been personal or unrelated in any meaningful way to Morandini's teaching activities and at least 60 percent of the time was business related within the meaning of section 1.162-5, Income Tax Regs.[6]
Morandini has thus established that a "major portion" of his travel *69 was undertaken directly to maintain and improve the skills required of him as an earth-science teacher. The requisite nexus between at least 60 percent of Morandini's sabbatical travel and the improvement of his teaching skills is clear. Respondent argues with specific reference to the log that all of Morandini's activities are entirely consistent with a normal sightseeing vacation and that none has the necessary connection with his teaching duties. It is true that Morandini did not attend any lectures, seminars or classes or visit educational institutions (other than casually); neither did he engage in extensive research. However, respondent fails to take into account the significance of the slides and of the samples of sand, gravel and the like. Respondent further ignores the obvious and real benefit to Morandini's teaching skills derived from his visits to many of the historical sites such as the Egyptian pyramids, Pompeii, Mount Etna and Mount Vesuvius which are included in his teaching course. We cannot ignore the fact that Morandini views a coastline or an outcropping of rock as a science teacher. His slides are not simply a vacationist's recording of interesting sites; rather *70 they show what an earth-science teacher needs to illustrate to students. We are further impressed by the fact that it is difficult to maintain the interest of the average non-academic applicant in a science-history course. Morandini's success in doing this was substantially enhanced by his trip. It is obvious that any teacher in Morandini's position would find it beneficial to use slides showing geological formations but we can easily understand how utilization of slides actually taken by the teacher would be much more effective. Morandini, after the trip, was to teach from his own personal experience and his own slides and samples. This improvement in Morandini's skills is not simply "[a] general cultural broadening" which has been recognized as not meeting the test of the regulations. Compare Krist v. Commissioner,483 F.2d 1345 (2nd Cir. 1973); Reidenbach v. Commissioner,T.C. Memo. 1981-642. It was, we find, a direct result of his emphasis on his teaching responsibilities during his sabbatical. We agree with respondent that the travel showed lack of careful planning on petitioners' part and as petitioners have admitted, a substantial *71 amount of time was non-educationally related. We are convinced, however, that the testimony of the Morandinis is a far better record of Morandini's activities and their business nexus than the log. However, as respondent correctly points out, Morandini is in no sense entitled to deduct under section 162(a) 100 percent of the expenses which the parties have stipulated were attributable to his travel, the sum of $10,000.60. Where foreign travel is divided between business and personal, the regulations direct that the expenses be allocated between business and nonbusiness days by multiplying the total travel expense by a fraction, the numerator of which is the number of nonbusiness days and the denominator the total number of business and nonbusiness days. Section 1.274-4(f)(1), Income Tax Regs.[7] In the absence of proof of a better method of allocation, Morandini's deduction must be allocated between business and nonbusiness travel. The trip consumed approximately 144 [8] days, and as we have found, 40 percent of that time was nonbusiness related. Therefore, the aggregate expense must be reduced by the sum of $4,000.24. [9]
*72 Decision will be entered under Rule 155.
Footnotes
1. Petitioners claimed on their return travel expense for educational travel totaling $12,689. The parties have stipulated that $2,688.40 of this amount has not been substantiated. Therefore, only $10,000.60 is in dispute. We note, however, that the statutory notice disallowed only $12,462, not $12,689. This discrepancy is not explained.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended. ↩
3. A statement by trial counsel under these circumstances is at best a statement of respondent's litigating position and cannot override the mandate of the Code and regulations. See, e.g., the concurring opinion in Browne v. Commissioner,73 T.C. 723, 730-731 (1980); Estate of Smead v. Commissioner,78 T.C. 43, 47↩ n. 5 (1982).
4. Sec. 1.162-5(d), Income Tax Regs., provides: (d) Travel as a form of education.↩ Subject to the provisions of paragraph (b) and (e) of this section, expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment, is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. 5. Sec. 1.162-5(e), Income Tax Regs., provides, in as far as here pertinent: * * * The rules set forth in this paragraph are subject to the provisions of section 162 (a)(2), relating to deductibility of certain traveling expenses, and section 274(c) and (d), relating to allocation of certain foreign travel expenses and substantiation required, respectively, and the regulations thereunder.↩
6. Petitioners have not sought to deduct any portion of Mrs. Morandini's expenses and by stipulation, that portion of the travel expenses which was either not substantiated or not shown to be allocated to Morandini has been conceded by petitioners to be nondeductible. We have utilized the 60 - 40 percent ratio largely since that is the best estimate of the two Morandinis, although a more accurate log or perhaps a more detailed analysis by them of Exhibit E would have substantiated a larger portion as business related.↩
7. In this case Morandini appears to have engaged in business activities at each location. Thus, neither subparagraphs 2 or 3 of sec. 1.274-4(f), Income Tax Regs.↩, is applicable since those rules govern the allocation of expense where the nonbusiness activity takes place at a location different from the site of the business activity. The exceptions from the allocation rules of subparagraph 5 are also inapplicable. Morandini clearly had control over his travel (subparagraph 5(i)) and petitioners have not convinced us that a personal vacation or holiday was not a "major consideration" in determining to make the trip (subparagraph 5(ii)). 8. The stipulation recites that petitioners contend that 136 days of the trip were business days. This contention is not otherwise explained. The elapsed time is either 144 or 145 days, the former appearing to be the more accurate figure, but this one day discrepancy does not affect the result. ↩
9. 57.6 / 144 X $10,000.60 = $4,000.24↩